# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00794-CV

**J. C. S. and B. H., Appellants**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT NO. C-10-0097-CPS, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

J.C.S. and B.H. filed notices of appeal from the decree terminating their parental rights to two children: T.J.S. and Z.N.S. The attorneys appointed for appellants have filed separate *Anders*-style briefs asserting that each of their appeals is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646 (Tex. App.—Austin 2005, pet. denied). Appellee Texas Department of Family and Protective Services has filed a brief agreeing with their assessment. Both appointed attorneys have filed motions to withdraw as counsel. Neither appellant has filed a brief or other statement disagreeing with their attorneys' assessment or opposing their motions. We will affirm the decree of termination.

Neither appellant appeared at the trial on the merits. Their attorneys requested continuances due to their clients' alleged difficulties in obtaining transportation from their home in another town and due to their clients' desire to engage in services. The Department responded that appellants knew of and had used the Department's transportation services and yet had not called their

caseworker to request assistance. The Department also asserted that appellants had failed to make adequate progress in the ten months the service plan had been in place, and that their expressed desire to engage in services was too late. The court denied the motions for continuance.

The case was tried without a jury. The trial court heard testimony from a Child Protective Services investigator, two CPS caseworkers, and the foster father. The CPS employees collectively described a history of reports of alcohol abuse and loud arguments that resulted in calls to police by neighbors. At least some of these incidents occurred in the children's presence. There was testimony that the mother bruised the children, once by throwing a book at the older child. On different occasions, the father reportedly pushed the mother through a window, choked her, and hit her. The father reportedly claimed that the mother's bipolar condition caused her to be even more violent than him. One altercation reportedly involved a knife drawn by one of the appellants in the presence of the children. CPS employees testified that appellants knew of, but failed to comply with, the service plan. Essentially, each went in for a psychological evaluation and one parenting class, ignoring the remainder of the classes and appointments including anger-management and drug-treatment options. Though appellants visited the children for a couple of months after removal, they stopped visiting after June 20, 2011. The father was jailed, and the mother moved around often because of financial difficulties. When the father was released from jail, the family moved in with his mother 80 miles from the nearest available service providers in San Angelo. Appellants declined to engage in services thereafter, citing employment conflicts and transportation issues. Other than some birthday presents and the occasional snack, appellants provided no financial support for their children following removal. A caseworker and the foster father agreed that termination was in each child's best interest. The testimony that the children

appeared bonded to appellants was undisputed, as was testimony that the bond faded after appellants stopped visiting the children. The testimony that the children had bonded in their foster family and were thriving was undisputed, as was testimony that adoption by the foster parents was in each child's best interest.

The trial court found that clear and convincing evidence supported terminating both parents' rights to both children. *See* Tex. Fam. Code Ann. § 161.001(1)(D), (E), (N) & (O) (West Supp. 2011).[1] The court also found by clear and convincing evidence that termination was in each child's best interest. *Id.* § 161.001(2).

---

[1] The cited grounds for termination are:

(D) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child;

(E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child;

. . . .

(N) constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services or an authorized agency for not less than six months, and:

(i) the department or authorized agency has made reasonable efforts to return the child to the parent;
(ii) the parent has not regularly visited or maintained significant contact with the child; and
(iii) the parent has demonstrated an inability to provide the child with a safe environment;

(O) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child; . . . .

Tex. Fam. Code Ann. § 161.001(1) (West Supp. 2011).

After reviewing the record, we conclude that the appeals by J.C.S. and B.H. are frivolous. We affirm the decree terminating the parental rights of J.C.S. and B.H. to the children, T.J.S. and Z.N.S. We grant the motions by both appointed attorneys to withdraw from representing their clients.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed:  June 27, 2012

4